UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRY JOE ROBERTS, ) | |
| ) | |
| Plaintiff (s), ) | |
| ) | |
| v. ) | No. 1:22-cv-00004-SRC |
| ) | |
| SECC DEPARTMENT OF CORRECTIONS, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

**Memorandum and Order**

Before the Court is Plaintiff's [19] motion for leave to proceed in forma pauperis and his [18] second request for counsel. Having reviewed the record, the Court denies Plaintiff's motions.

Plaintiff asserts that he cannot represent himself in this matter in part because he takes "mental health medication." Doc. 18. Plaintiff, however, has not indicated that he suffers from a disability that affects his ability to proceed with this action, and his correspondence and pleadings are cogent and well-written. Plaintiff previously sought counsel in this matter on May 26, 2022, Doc. 14, and the Court denied the request on September 2, 2022, Doc. 16.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018);

28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. First, Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. As noted, Plaintiff's filings are cogent and well-written. Second, he has not demonstrated an inability to investigate the facts. Finally, neither the factual nor the legal issues in this case appear to be complex. The Court does not anticipate overly complex discovery, and Plaintiff has brought relatively straightforward claims: a claim for excessive force under the Eighth Amendment against one defendant, Shawn Brunelle, and First Amendment retaliation claims against two defendants, Unknown Crass and Unknown Reeves. Thus, the Court declines to appoint counsel at this time.

The Court also denies as moot Plaintiff's [19] motion to proceed in forma pauperis. Plaintiff has already paid the $402 filing fee in this matter, and he has not demonstrated why the Court should grant leave to proceed in forma pauperis. Although Plaintiff now states that he is indigent in his motion, he has not provided the Court with an updated copy of his certified prison account statement supporting that assertion.[1] The Court therefore denies Plaintiff's motion to proceed in forma pauperis.

---

[1] The Court notes that Plaintiff filed a copy of his six-month prison account statement on February 18, 2022, and it showed an average monthly deposit of $363.39, and an average monthly balance of $364.80.

Accordingly, because Plaintiff has paid the filing fee, the Court denies as moot his [19] motion to proceed in forma pauperis. The Court further denies without prejudice Plaintiff's [18] motion for appointment of counsel.

Dated this 22nd day of November, 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE